GERALD J. MARTELL *et al. vs.* BOARD OF CANVASSERS AND REGISTRATION OF THE CITY OF PROVIDENCE.

OCTOBER 25, 1957.

PRESENT: Condon, Roberts, Andrews and Paolino, JJ.

ROBERTS, J.  This is a petition for certiorari to review the action of the board of canvassers and registration of the city of Providence relating to the nomination of candidates for the office of ward committeeman for the fifth ward of said city in the primary election held in September 1956. Certain other persons were allowed to intervene and to file a motion to dismiss the petition.  The writ was issued and in compliance therewith the pertinent records have been duly certified to this court for our inspection.

The four petitioners, who are qualified electors of said ward, on September 29, 1954 participated in a primary election and, with nine other qualified electors of such ward, were elected members of the fifth ward Republican committee.  Those so elected, including the petitioners here, thereafter qualified and organized the fifth ward Republican committee, and on October 5, 1954 certificates of election were issued to said committee by the respondent board.  It does not appear from the record that any petitioner for the writ has either resigned from or otherwise relinquished the office to which he was thus elected.

On July 31, 1956, within the time prescribed in public laws 1948, chapter 2100, sec. 7, for the filing of declarations of intention to participate in the primary election provided for in sec. 5 of said chapter, such declarations were filed by or in behalf of thirteen qualified electors of the fifth ward declaring them to be candidates for election to the office of ward committeeman in the ensuing primary election. Included in the declarations so filed were those of nine members of the fifth ward committee who were elected thereto in the primary election of 1954 as above set out. No such declarations were filed by or in behalf of the four members of the committee who are the petitioners here.

It is conceded that none of the candidates whose decla-

rations were filed on July 31, 1956 was endorsed for election to the ward committee by any political committee empowered to do so under the pertinent provisions of chap. 2100. After the above-described declarations were filed, the respondent board prepared and issued to the candidates nomination papers for use in securing signatures necessary to nominate them as candidates to be voted upon at the ensuing primary election. In the nomination papers thus issued the board combined with the names of the unendorsed candidates above referred to the name of the endorsed candidate for the office of mayor of Providence and the names of the endorsed candidates for the office of city councilman for the fifth ward. These papers were later filed with the board by or in behalf of the persons named therein.

On August 15, 1956 Anthony Varone, one of the declarants who had filed nomination papers which were issued as above described, challenged the validity of those nomination papers, contending that because there were included therein the names of endorsed and unendorsed candidates, they were invalid under the terms of sec. 8 of chap. 2100. The board took this protest under consideration and on August 20, 1956 notified in writing the chairman of the Republican city committee that the nomination papers filed by the candidates for the office of ward committeeman for the fifth ward were invalid and that there were no nominees to be voted upon for those offices at the forthcoming primary election. In the same communication the board also advised the chairman that "The vacancies, therefore, must be filled in accordance with the provisions of Sections 4 and 29 of Chapter 2100 of the 1948 Public Laws, as amended."

Section 4 of chap. 2100 provides that the state committee of a political party shall have the power to make a final nomination for any office for which a primary nomination has not been made. Section 29 of that chapter provides, among other things, that an appropriate local political com-

mittee may make nominations for a local office when a "contingency occurs which would result in depriving a party of a nominee for any office * * *." It does not appear from the record that any nominations were filed for the office of ward committeeman for the fifth ward either under the provisions of sec. 4 or sec. 29. So far as may be ascertained from the record the primary election was held without any candidates being nominated for the fifth ward Republican committee.

After the primary election was held on September 17, 1956, the respondent board received communications from various sources, all of which purported to designate those who would constitute the fifth ward committee for the ensuing two years. It does not appear from the record that the board acted in any manner upon these communications or that in the primary of 1956 it certified anyone as elected to membership on the fifth ward committee.

The petitioners' prayer for relief is twofold. In the first place, they pray that we quash that portion of the records of the Republican city committee which is contained in a resolution of that committee dated September 29, 1956 which records the purported election of members to fill vacancies in the membership of the fifth ward committee. However, under the instant petition the records of the Republican city committee are not before us. We are concerned here only with the record of the respondent board and that merely to the extent that it deals with the membership of the fifth ward Republican committee. It is our opinion that in the instant circumstances the only portion of the record of the board before us for review is that which is set out in the letter of August 20, 1956 to the Republican city chairman.

We do not perceive any error in that record. The parties do not dispute the board's ruling that the nomination papers filed in behalf of the declarants were invalid and that as of August 20 there were no nominees for the office

of ward committeeman to be voted upon in the primary election of September 17, 1956. Nor do we perceive that the board's decision that there were "vacancies" which must be filled in accordance with the provisions of secs. 4 and 29 of the act constituted error.

We do not construe that portion of the letter of the respondent board to the Republican city chairman, dated August 20, 1956, as stating that the board had ruled there were "vacancies" in the membership of the ward committee which would have to be filled in accordance with the provisions of secs. 4 and 29. In our opinion the board directed to the attention of the city chairman the fact that no nomination of candidates for the office of ward committeeman had been made and that in such default nominations for candidates to be voted upon at the primary election for such office could be made under the provisions of secs. 4 and 29. An examination of those sections makes it clear that the board was not ruling that any vacancies existed in the membership of the ward committee.

Provision is made in sec. 4 giving the state committee express authority to make final nomination for any office when no nomination therefor was made at the primary election. There being nothing in the record to indicate that the state committee attempted to act under that provision, it is without bearing on the question before us. Under the provisions of sec. 29 it is clear that some appropriate committee has the power to nominate candidates where there has been a default therein for officers who are to be elected in an ensuing primary election. Once again there is nothing in the record which indicates that any local committee attempted to file nominations under the provisions of sec. 29.

We do not pass upon the question of whether the respondent board was obliged under secs. 4 and 29 to advise either the state or the local committee that nominations could be filed, but, the board having done so, we do not believe that its action constitutes error. The use of the word "vacan-

cies" in the letter of August 20 may have caused the party officials to misconceive the extent of their authority within the sections referred to and to attempt to designate the membership of the ward committee, the prerogative of the electorate, rather than file nominations of candidates to be voted upon at the primary election. We do not, however, feel that their action was error for which the record should be quashed.

In view of the position we have taken as to the dismissal of the petition for the writ on its merits, it is unnecessary for us to consider the reasons presented by the intervenors in support of the motion to dismiss the writ as a matter of law. Such motion is therefore denied.

Generally where the matter has been brought before us on a petition for certiorari we would not pass upon any question other than the issuance of the writ. We have here, however, a failure to nominate and elect a ward committee in a scheduled primary election as is required by the act. In the circumstances the title of claimants to the office is in dispute and the political party is left without effective machinery to conduct its affairs. For these reasons and to preclude further litigation, if possible, we direct the attention of the parties to the provisions of sec. 5 of the act. Section 5 was enacted by the legislature obviously for the purpose of securing a political party against a failure of its organization by reason of neglect to elect successor groups to its ward committees, and to that end provides that when such a default occurs the prior committee shall hold office until a successor committee is elected, qualified and organized. In view of this provision we are of the opinion that no vacancies within the purview of sec. 6 are created where such default occurs and that the committee elected in the primary election of 1954 holds over until a successor committee is elected according to law.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the records certified

to this court are ordered returned to the respondent board with our decision endorsed thereon.

*A. Norman LaSalle,* for petitioners.

*William E. McCabe,* City Solicitor, *Vincent A. Ragosta,* Assistant City Solicitor, for respondent.

*Raymond Mannarelli,* for intervenors.